MAGGIORE ET AL., APPELLANTS, *v.* BOARD OF LIQUOR CONTROL, APPELLEE.

(No. 6733—Decided December 5, 1961.)

*Mr. Charles T. Kaps,* for appellants.

*Mr. Mark McElroy,* attorney general, and *Mr. Michael Kouskouris,* for appellee.

BRYANT, J. Salvatore Maggiore of Canton, Ohio, as holder of a permit issued by the Department of Liquor Control, and William W. Brown of Bexley, Ohio, as a citizen, taxpayer and

purchaser of beer and malt beverages, have appealed to this court on questions of law from a judgment of the Common Pleas Court of Franklin County. In that court, the appeal of Maggiore and Brown from the action of the Board of Liquor Control, appellee herein, in adopting regulation No. 69, establishing a minimum markup of 25 per cent on carry-out sales of beer and malt beverages, was dismissed.

An amendment to the Liquor Control Act, Section 4301.041 of the Revised Code (128 Ohio Laws, 687), effective November 17, 1959, expressly empowered the board to enact a regulation such as regulation No. 69. This section authorized the fixing of minimum retail prices on beer and malt beverages and to include therein the wholesale cost and the 25 per cent markup. Section 4301.041, *supra*, reads as follows:

"The Board of Liquor Control may determine and fix by regulation the minimum percentage mark-up for sales at retail of beer, lager beer, ale, stout, porter, or any other brewed or malt liquor or malt beverages, whether in case lots or less.

"To determine the retail price of such products, the minimum percentage mark-up may be applied to the wholesale price of the manufacturer or wholesale distributor charged to the retail permit holder. Such prices shall apply to sales made at retail by a permit holder for off-premise consumption only."

The record in this case is far from satisfactory, and although the proceedings appear to have covered the period from July 27, 1960, when a proposed regulation No. 69 was tentatively adopted until sometime prior to September 14, 1960, when the notice of appeal was filed, the transcript covers only a part of one day, to wit, September 6, 1960, includes only testimony of witnesses and is completely devoid of any reference to any action taken by the board with reference to the proposed regulation at any time whatsoever.

So far as we can ascertain from the file, the board, on July 27, 1960, approved proposed regulation No. 69 and ordered it filed with the Secretary of State. This proposed regulation provides for a minimum markup of twenty per cent and reads as follows:

"This regulation is promulgated by virtue of specific authority granted to the Board of Liquor Control with the enactment of Section 4301.041 of the Revised Code of Ohio, in order

to avoid economic consequences which flow from unfair competition and improper practices in the sale, at retail, of beer, lager beer, ale, stout, porter, or any other brewed or malt liquor or malt beverages, by permit holders who are authorized by the existing laws and regulations to sell such within-stated products to the retail trade.

"Section I:

"All words and phrases as they appear herein shall have the meaning defined for them in Revised Code of Ohio, Section 4301.01.

"Section II:

"This regulation shall apply to the sales of beer, lager beer, ale, stout, porter, or any other brewed or malt liquor or malt beverages, for off-premise consumption only for retail by permit holders who are permitted by the statutes and regulations to engage in such retail sales.

"Section III:

"The minimum retail price for the products named herein for off-premise consumption shall be a twenty percent (20%) mark-up on the cost to such permittee, which amount shall be adjusted to the nearest cent, and which amount shall then be added to the permit holder's cost, which cost shall be computed on the following basis:

"(a) The A-1 permit holders shall use as their wholesale price the maximum invoice price for sales to 'C' and 'D' permit holders for the same product and add the twenty percent (20%) thereto, which shall be the minimum retail price.

"(b) The B-1 permit holders shall use as their wholesale price the maximum invoice price for sales made to 'C' and 'D' permit holders for the same product and add twenty percent (20%) thereto, which shall be the minimum retail price.

"(c) The 'C' and 'D' permit holders shall use as their wholesale price the invoice price as charged to them by the A-1 and B-1 permit holders for the same product and add twenty per cent (20%) thereto, which total shall be the minimum retail price.

"(d) Deposit charges shall be in addition to such minimum retail prices as have been designated herein, or as have been set forth in the within regulation."

Section 119.03 of the Revised Code governed the proceed-

ings, division (A) thereof requiring reasonable notice of at least thirty days "in such manner and form and for such length of time as the agency determines," including a statement that the board intends to adopt such regulation, either "a synopsis" of the regulation or "a general statement of the subject matter" to which the regulation relates. This is in addition to giving notice of the date, time and place of a public hearing on the proposed action.

As herein indicated, the "manner and form" of the notice are left up to the board which is required to "adopt a rule setting forth in detail the method which such agency shall follow in giving public notice * * *." (See subdivision [A] [3], Section 119.03, Revised Code.)

Regulation No. 66 of the board reads as follows:

"The following regulation is adopted by the Board of Liquor Control as required by Section 154-64 G. C. (Revised Code Section 119.03.)

"More than thirty (30) days prior to the date set for hearing thereon shall be published in three (3) newspapers of general circulation in Ohio, one of which shall be published in the city of Columbus, a notice of intention to adopt a proposed regulation. *Such notice shall contain a concise statement of the contents of the proposed regulation, and the date, time, and place of hearing thereon; said notice shall also contain a statement that any person interested therein may attend at such hearing and be heard in person or by counsel.*

"Effective July 5, 1950. Formerly Reg. 69, adopted effective December 18, 1943." (Emphasis added.)

We assume that the board fixed 10 a. m., September 6, 1960, at its hearing room in Columbus, as the time and place for a public hearing and that it ordered publication of notice pursuant to its regulation No. 66. The hearing transcript contains three exhibits: department exhibit B, department exhibit C and department exhibit D, which are identical, and are clippings published on July 30, 1960, in the Plain Dealer, Cleveland, the Post and Times Star, Cincinnati, and the Dispatch, Columbus, the latter reading as follows:

"Notice is hereby given that it is the intention of the Board of Liquor Control of the state of Ohio to adopt regulation Number 69, pursuant to Section 4301.041 of the Revised

Code of Ohio, fixing the minimum percentage mark-up for sales at retail of beer, lager beer, ale, stout, porter, or any other brewed or malt liquor or malt beverages, whether in case lot or less; and further that pursuant to the provisions of Section 119.03 of the Revised Code of Ohio, said Board of Liquor Control of the State of Ohio, will hold a public hearing on Tuesday, September 6, 1960, at 10:00 a. m., E. S. T. in the hearing room of the Board of Liquor Control, located at 219 South High Street, Columbus, Ohio, at which hearing any person interested therein may appear in his own behalf, with counsel, or may be represented by counsel, and may offer evidence and give testimony with respect to the advisability or necessity in behalf of or against the adoption of said proposed regulation.

"By order of the Board of Liquor Control, state of Ohio, Judge Creed J. Lester, chairman."

Conspicuous by its absence from the published notice is any reference to the fact that the proposed regulation No. 69 contained a provision requiring a minimum markup of 20 per cent. In view of the fact that the purpose of the proposed regulation No. 69 very clearly was to establish minimum retail carry-out prices for beer and malt beverages based upon the wholesale cost, plus a minimum markup of 20 per cent, it can hardly be said that the published notice amounts to "a synopsis" of the regulation or "a concise statement of the contents" thereof. However, in the view which we have taken it is not necessary to determine the sufficiency of the published legal notice.

As before stated, pursuant to division (C) of Section 119.03, Revised Code, the board, on September 6, 1960, conducted a hearing and a stenographic record of the testimony and statements was taken, and this statement, certified to by the official reporter, is a part of the record in this case.

At the conclusion of the hearing it became the duty of the board to determine whether it wished either to adopt the proposed regulation No. 69 or some revision thereof, which revision was consistent with the published notice. Further, it was also the duty of the board to determine the date on which the regulation would become effective. The foregoing are required under division (D) of Section 119.03, Revised Code, reading in part as follows:

"After complying with divisions (A), (B), and (C) of this section, the agency may issue an order adopting such proposed rule, amendment, or rescission, or revision thereof, consistent with the public notice and at that time shall designate the effective date thereof which shall not be earlier than the tenth day after said rule, amendment, or rescission has been filed in its final form with the Secretary of State as provided in Section 119.04 of the Revised Code. * * *"

On September 14, 1960, the appeal of Maggiore was filed pursuant to the provisions of Section 119.11 of the Revised Code. This section authorizes an appeal from an order of the agency in adopting a rule by "any person adversely affected." Maggiore filed a notice of appeal, both with the board and the court below. The notice set forth three grounds, as follows:

"(1) That the rule (regulation No. 69) adopted by the Board of Liquor Control is unreasonable and unlawful.

"(2) That the rule (regulation No. 69) is contrary to the Constitution of the state of Ohio and the Constitution of the United States, and it unlawfully interferes with the rights of this appellant and other citizens guaranteed by said Constitutions.

"(3) That the Board of Liquor Control failed to comply with the law in adopting said rule."

The duty of the board, when the notice of appeal was filed, was to file with the clerk of the court below a transcript of its record of every step taken from the first to the last having a material bearing on the adoption of the proposed regulation. Inasmuch as Section 4301.09 of the Revised Code provides that the Director of Liquor Control "shall be the executive secretary of the Board of Liquor Control," we assume that the duty of taking such action rested upon the director, or some person designated to act for him in this case. The duty required to be performed is outlined in Section 119.11, Revised Code, which provides in part as follows:

"Within ten days after a notice of appeal is filed, the agency shall transmit to the clerk of the Court of Common Pleas of Franklin County *a transcript of its record of proceedings relating to said rule.* Within three days after receiving the transcript of the record the court shall set the date, time, and place for a hearing and immediately notify the appellant

and the agency thereof. Such hearing shall be held within twenty days after receiving the transcript of the record, and the decision of the court shall be rendered within thirty days after the conclusion of said hearing and shall be based upon the arguments, briefs of counsel, and the transcript of the record of proceedings as transmitted by the agency." (Emphasis added.)

As hereinabove pointed out, we have made diligent search of the record and have been unable to find where any transcript of the board's record of proceedings relating to regulation No. 69 has been filed. Of particular importance is the fact that although the proposed regulation called for a 20 per cent markup, it was assumed at the time of argument that the proposed regulation was amended by striking out 20 per cent and inserting 25 per cent. It was assumed further that after such amendment, the regulation was adopted. It was also assumed that, after being so adopted, the board fixed an effective date and that a certified copy was in fact filed with the Secretary of State. But nowhere in the record is there anything showing that such in fact did occur.

The court below, in affirming the action of the board adopting this regulation, made its determination as required by Section 119.11, *supra*, that the procedural requirements in adopting regulation No. 69 had been complied with by the board and that the regulation was reasonable and lawful and that Section 4301.041, *supra*, was constitutional. It is unnecessary to determine questions of reasonableness or constitutionality.

The finding of the court below, that the procedural requirements of Chapter 119 of the Revised Code had been complied with, is simply not supported by the record, which leaves us no alternative but to hold that the judgment of the court below must be reversed and the cause remanded for further proceedings in accordance with law.

*Judgment reversed.*

DUFFEY, P. J., and DUFFY, J., concur.